| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>(201) 845-1000<br>Attorneys for Debtor<br>Michael E. Holt, Esq.<br>mholt@formanlaw.com | |
| In Re:<br><br>AMMON ANALYTICAL LABORATORIES, LLC,<br><br>Debtor. | Case No.: 22-14534 (SLM)<br><br>Chapter 11<br><br>Hearing Date: March 28, 2023<br>Hearing Time: 11:00 a.m. |

**DEBTOR'S MEMORANDUM IN SUPPORT OF**
**CONFIRMATION OF SECOND AMENDED PLAN**

Ammon Analytical Laboratories, LLC, the debtor and debtor-in-possession ("Debtor") in the captioned chapter 11 case, through its attorneys, Forman Holt, in support of confirmation of the Debtor's proposed Second Amended chapter 11 plan of reorganization [Doc. No. 221], respectfully represents the following:

1. On January 24, 2023, the Court entered an Order Approving the Debtor's First Amended Disclosure Statement on an Interim Basis and granting related relief, including establishing procedures for soliciting votes and scheduling a confirmation hearing for the Debtor's proposed plan. [Doc. No. 173].

2. On January 27, 2023, Debtor's counsel served the Debtor's First Amended Disclosure Statement and Proposed Plan on all creditors and parties in interest consistent with the January 24, 2023 order. *See*, January 30, 2023, certification of service [Doc. No. 180].

3. On March 24, 2023, the Debtor, through its counsel, filed a certification of balloting [Doc No. 219]. The creditors in Classes 1, 3 and 5 accepted the Plan. Class 2 did not vote, but filed an objection to the Plan [Doc. No. 205]. Class 4 did not submit a ballot or object to the Plan. Class 6 is deemed to have accepted the Plan.

4. On March 27, 2023 The Debtor filed a Second Amended Plan [Doc. No. 221]. The Second Amended Plan modified the First Amended Plan to reflect the agreed upon treatment of Classes 1 and 3. The claims in Class 5, general unsecured claims, receive the same treatment under the Second Amended Plan (i.e., semi-annual payments totaling $250,000 over seven years to be shared pro rata by the holders of allowed general unsecured claims) as they did under the First Amended Plan.

5. The Second Amended Plan meets the requirements of §§ 1126 and 1129 and should be confirmed.

6. No ballots were cast rejecting the Plan. As stated above, Classes 1, 3 and 5 have unanimously accepted it. No ballots were received rejecting the proposed Plan. (*See,* Certification of Balloting [Doc. No. 219].)

7. Class 2 did not vote but filed an objection to the Plan [Doc. No. 205]. The Debtor filed a response to that objection [Doc. No. 210]. The response is incorporated herein by reference.

8. Class 4 did not submit a ballot and neither accepted nor rejected the Plan.

9. Class 2 is the only party that objected to the Plan.

10. Class 2 is comprised of the secured claim of Americredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"). The Second Amended Plan proposes to pay GM Financial $100,000 over seven years plus 6% interest per annum. GM Financial will retain its liens until all amounts owed under the Second Amended Plan are paid.

11. On March 10, 2023, The Debtor filed a certification by the Debtor's majority member and chairman, Stephen Haupt, in which he explains that the Debtor obtained a liquidation analysis of its vehicles which estimated the value of GM Financial's collateral to be $125,700 as of August 2022 [Doc. No. 201-1]. Because the vehicles are still being used, the Debtor discounted that amount to $100,000 as the estimated value as of the proposed effective date of the Debtor's plan of reorganization.

12. GM Financial's objection to confirmation, signed by its attorneys, alleges, without support, that the *retail* value of its collateral is approximately $207,000.

13. Section 1123 of the Bankruptcy Code provides that a chapter 11 plan may modify the rights of holders of secured claims, other than claims secured only by a security interest in real property that is the Debtor's principal residence. 11 U.S.C. §1123(b)(5).

14. As stated above, Classes 1, 3 and 5 have accepted the Debtor's Plan.

15. Under Section 1129(b) of the Bankruptcy Code, the Court can confirm a chapter 11 plan notwithstanding the objection of a secured creditor if the plan does not discriminate unfairly and is fair and equitable. 11 U.S.C. §1129(b)(1).

16. A plan is "fair and equitable" if a secured creditor retains its lien to the extent of the allowed amount of its claim and the secured creditor receives at least the allowed amount of its claim of a value, as of the effective date of the plan, of at least the value of the secured creditor's interest in the property. 11 U.S.C. §1129(b)(2)(A)(i)(I) and (II).

17. The Debtor's plan complies with Sections 1123 and 1129 of the Bankruptcy Code. The proposed plan does not discriminate against any class of secured creditors. Each of those creditors is to receive the estimated actual value of their collateral over time with interest.

18. The plan is fair and equitable in that GM Financial is retaining its liens to the extent

of the value of its collateral and is receiving payment of the actual value of that collateral over time plus interest.

19. The values GM Financial uses in its objection do not reflect the actual value or use of its collateral. The Debtor is not in the business of selling vehicles and so the "retail values" provided by GM Financial, even assuming they are correct, do not reflect the actual value of the vehicles. GM Financial has provided nothing in support of its alleged valuation.

20. For all the above reasons, the Debtor respectfully requests that the Court overrule GM Financial's objection and confirm the Debtor's Second Amended Plan.

FORMAN HOLT
Attorneys for Debtor

Dated: March 27 , 2023                             By:   */s/ Michael E. Holt*
                                                                     Michael E. Holt